# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MENTOR GROUP, LLC and BENCHMADE KNIFE CO., INC., <br><br>Plaintiffs, <br><br>vs. <br><br>HOGUE, INC., <br><br>Defendant. <br> AND RELATED CLAIMS. | Case No.: 2:20-cv-11177-JWH-GJS <br><br><br>**STIPULATED PROTECTIVE ORDER**[1] |

///
///
///
///
///
///
///

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Gail J. Standish's Procedures.

1

1. <u>A. PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

<u>B. GOOD CAUSE</u>

This action is likely to involve trade secrets, customer and pricing lists, product design documentation, marketing and business plans, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as "CONFIDENTIAL" or "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" (defined below) for tactical reasons and that nothing be so designated without a good faith belief that (a) it has been maintained in a confidential, non-public manner, and (b) there is good cause why it should not be part of the public record of this case. As direct competitors, the parties agree that their disclosure of certain information, such as manufacturing costs, profit margins, customer lists, and other product design, manufacturing, sales, and financial information, to the other party would provide that party with an unfair competitive advantage. Accordingly, the parties agree that each party has good cause to designate information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and that such designation is appropriate and made in good faith if the disclosure of such information to the other party would provide that party with an unfair competitive advantage over the disclosing party.

### C. ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not—

without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. DEFINITIONS

    2.1   Action: this pending federal lawsuit, *Mentor Group, LLC, et al. v. Hogue, Inc.*, United States District Court for the Central District of California, Case No. 2:20-cv-11177-JWH-GJSx.

    2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: "CONFIDENTIAL" Information or Items that the Designating Party reasonably and in good faith believes are so highly sensitive that their disclosure to anyone other than those described in Section 7.3 would be injurious to the commercial interests of the Designating Party.

2.5    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and whose identity and the subject matter for which the expert has been retained has been disclosed to the Designating Party.

2.9    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record.

2.10   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their

support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties, Experts, Non-Parties, or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

"FINAL DISPOSITION of this action" is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run. Except as set forth below, the terms of this protective order apply through FINAL DISPOSITION of this action. The parties may stipulate that they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION of this action, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, information that was designated as

"CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, then the Designating Party must promptly notify the Receiving Party that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations: Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively hereinafter "CONFIDENTIALITY legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. Any such inspection may only be conducted by Outside Counsel of Record for the inspecting Party outside the presence of the inspecting Party or its House Counsel. During the inspection and before the designation, the inspecting Party's Outside Counsel of Record may not record or photograph any document without the Producing Party's permission, and all of the documents made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the Producing Party has produced the requested documents and designated them for protection. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIALITY legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) a Party or Non-Party may, if appropriate, designate specific portions of a deposition transcript "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

ONLY" at the deposition or within thirty (30) days of completion of the final transcript, and any portions so designated shall thereafter be treated in accordance with the terms of this Order.  Any portions not designated within the thirty (30)-day timeframe shall thereafter be treated as Non-Protected Material.  Until the expiration of the thirty (30)-day timeframe, deposition transcripts shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix the "CONFIDENTIALITY legend" in a prominent place on the exterior of the container or containers in which the information is stored, or, for electronic files, in the file name or accompanying correspondence.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate:  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges: Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer: The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until

the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles: A Receiving Party may only use Protected Material that is disclosed or produced by the Producing Party in connection with this Action, or any other lawsuit or proceeding (including any administrative proceeding) between the Parties regarding the U.S. Patent No. D686,900, for the purposes of prosecuting, defending, or attempting to settle the dispute ("Permitted Use"). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. The Receiving Party must comply with this Protective Order at all times while in the possession, custody, or control of the Producing Party's Protected Material. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Permitted Use;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Permitted Use;

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the Permitted Use and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Permitted Use and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who is shown, by written or oral evidence or foundation laid in deposition testimony, otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary for the Permitted Use provided: (1) the deposing party informs the witness and attorneys for the witness that they will be shown some documents that are confidential, instructs them that they cannot disclose such information and materials, and requests that the witness and attorneys for the witness sign the "Acknowledgement and Agreement to be Bound" attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 **Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, and employees of the Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Permitted Use;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure

is reasonably necessary for the Permitted Use and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) prior to receiving any such materials. Under no circumstances may a Receiving Party disclose "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to any Expert who is employed by the Receiving Party or its affiliates or by a competitor of the Producing Party;

  (c) the court and its personnel (under seal);

  (d) court reporters and their staff;

  (e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Permitted Use and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

  (f) any person expressly identified in the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials as an author, a recipient, or having knowledge of the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials and any person for whom a reasonable foundation may be laid that he or she is an author, a recipient, or has knowledge of the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials; and

  (g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  For clarity, "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items cannot be disclosed to the officers, directors, or employees (including House Counsel) of the Receiving Party except as expressly permitted in this Section 7.3 or a court order.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

  If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by another Party, the Receiving Party must:

  (a) promptly notify in writing the Designating Party. Such notification shall

include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that

some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

11.1 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the

obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Moreover, this Protective Order is an order of the Court pursuant to Federal Rule of Civil Procedure 502(d) and (e), Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding.

       11.2   <u>Procedure for Return</u>: If information subject to a claim of privilege or work product protection is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product protection for such information. If a Producing Party has inadvertently produced information subject to a claim of privilege or protection, upon written request made by the Producing Party of such inadvertent production, the information for which a claim of inadvertent production is made, including all copies, shall be treated as if the information had been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and returned to the Producing Party within two (2) court days of such request. All copies of inadvertently produced documents shall be destroyed, and any document or material reflecting the contents of the inadvertently produced information shall be expunged. If a Receiving Party objects to the return of such information within the two (2) court-day period described above, the Receiving Party may move the Court for an order determining the status of the information following the procedures of Local Civil Rule 37. Pending the ruling, a Receiving Party may retain the inadvertently produced documents in a sealed envelope and shall not make any use of or reference to such information.

12.   <u>MISCELLANEOUS</u>

       12.1   <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any

person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>: A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 <u>Confidentiality Obligations</u>: For all Protected Material not used or introduced at trial, the parties stipulate that, even after Final Disposition of this action, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| Dated: May 17, 2021 | SCHWABE, WILLIAMSON & WYATT, P.C. |
| | By: */s/ Nika Aldrich* |
| | Nika Aldrich (admitted *pro hac vice*) |
| | naldrich@schwabe.com |
| | Balazs Takacs (admitted *pro hac vice*) |
| | btakacs@schwabe.com |
| | 1211 SW 5th Ave., Suite 1900 |
| | Portland, OR 97204 |
| | Telephone: (503) 222-9981 |
| | Facsimile: (503) 796-2900 |
| | |
| | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
| | M. John Carson (CABN 41285) |
| | jcarson@lrrc.com |
| | Sami I. Schilly (CABN 301653) |
| | sschilly@lrrc.com |
| | 655 North Central Avenue, Suite 2300 |
| | Glendale, CA 91203-1445 |
| | Telephone: (626) 795-9900 |
| | Facsimile: (626) 577-8800 |
| | |
| | *Attorneys for Plaintiffs/Counterclaim-Defendants, Mentor Group, LLC and Benchmade Knife Co., Inc.* |

| | | |
|---|---|---|
| Dated: May 17, 2021 | | FERDINAND IP, LLP |
| | | By: */s/ Diane T. Gorczyca* |
| | | Diane T. Gorczyca (CABN 201203) |
| | | dgorczyca@fiplawgroup.com |
| | | John F. Olsen (CABN 157465) |
| | | jolsen@fiplawgroup.com |
| | | 2450 Colorado Avenue, Suite 100E |
| | | Santa Monica, CA 90404 |
| | | Telephone: (858) 412-4515 |
| | | |
| | | FERDINAND IP LAW GROUP |
| | | Edmund J. Ferdinand, III (admitted *pro hac vice*) |
| | | jferdinand@fiplawgroup.com |
| | | 450 Seventh Avenue, Suite 1300 |
| | | New York, NY 10017 |
| | | Telephone: (212) 220-0523 |
| | | |
| | | *Attorneys for Defendant/Counterclaimant, Hogue, Inc.* |

Pursuant to L.R. 5-4.3.4, I, Diane T. Gorczyca, hereby attest that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 17, 2021     By: */s/ Diane T. Gorczyca*
                              Diane T. Gorczyca

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: May 19, 2021

_____
HON. GAIL J. STANDISH
United States Magistrate Judge

18

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2021 in the case of *Mentor Group, LLC, et al. v. Hogue, Inc.*, Case No. 2:20-cv-11177-JWH-GJSx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____